# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-187


**JUDAH D. POWELL**

**VERSUS**

**CARRIE JOHNSON**


********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 71323
HONORABLE LESTER P. KEES, DISTRICT JUDGE

********

## MARC T. AMY
## JUDGE

********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billie Colombaro Woodard, and Marc T. Amy, Judges.


**AFFIRMED.**


Elvin C. Fontenot, Jr.
110 East Texas Street
Leesville, LA 71446
(337) 239-2684
COUNSEL FOR PLAINTIFF/APPELLEE:
     Judah D. Powell

Lisa K. Nelson
Williams & Nelson
1609-C Boone Street
Leesville, LA 71446
(337) 238-4704
COUNSEL FOR DEFENDANT/APPELLANT:
     Carrie Johnson

AMY, Judge.

The defendant appeals the trial court's naming of the plaintiff as domiciliary parent of the couple's minor child. She further asserts that the trial court erred in failing to grant a new trial due to the fact that she was unrepresented at the hearing on the rule. For the following reasons, we affirm.

## Factual and Procedural Background

The instant matter involves the naming of the plaintiff, Judah D. Powell, as domiciliary parent of the parties' minor child. In August 2003, the plaintiff filed a "Petition to Establish Filiation and For Sole Custody" seeking a determination that he is the biological father of the child born during a relationship he had with the defendant, Carrie Johnson. Additionally, the plaintiff sought an award of the "sole care, custody and control of the minor child subject to reasonable visitation in favor of the defendant."

In her answer to the petition, the defendant admitted that the minor child was born as a result of the couple's relationship. However, she contested the plaintiff's petition for custody. The custody issue was heard by the court in November 2003. The defendant appeared at the hearing in proper person. Following the hearing, the trial court ruled in favor of the plaintiff, awarding the parties joint custody of the minor child, but designating the plaintiff as the domiciliary parent. A visitation schedule, including alternating weekends, holidays, and periods of weekday visitation, was set forth detailing those days on which the defendant could exercise physical custody.

The trial court denied the defendant's motion for new trial, wherein the defendant alleged that she arrived at the November 2003 hearing without knowledge that the custody issue was to be tried. She asserted that such knowledge would have

permitted her to adequately prepare for the hearing, including securing the appearance of witnesses.

The defendant appeals, assigning the following as error:

1.    Appellant contends that the trial court committed reversible error in finding that the parties should share the joint care, custody and control of the minor child with the plaintiff, Judah Powell, being named domiciliary parent.

2.    Appellant contends that the trial court committed reversible error in denying her *Motion for New Trial*.

**Discussion**

*Custody*

In her first assignment of error, the defendant appears to contest the award of joint custody as well as the designation of the plaintiff as the domiciliary parent. Although the defendant concedes that the trial court correctly considered the factors necessary for determining custody, she asserts that the factors were misapplied, resulting in an incorrect result. In particular, she points to the trial court's determination that she did not offer a stable place for the minor child to live when she testified that she has been employed for six months and has been living with her grandmother.

Louisiana Civil Code Article 131 provides: "In a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child."[1]

---

[1]Further, La.Civ.Code art. 245 provides:

In a proceeding in which custody of an illegitimate child formally acknowledged by both parents is sought by both parents, and in proceedings for change of custody after an original award, custody shall be awarded in accordance with the provisions on custody incident to divorce contained in Title V of this Book.

Furthermore, La.Civ.Code art. 134 sets forth the factors to be considered in determining the best interest of the child, providing:

> The court shall consider all relevant factors in determining the best interest of the child. Such factors may include:
>
> (1) The love, affection, and other emotional ties between each party and the child.
>
> (2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
>
> (3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
>
> (4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
>
> (5) The permanence, as a family unit, of the existing or proposed custodial home or homes.
>
> (6) The moral fitness of each party, insofar as it affects the welfare of the child.
>
> (7) The mental and physical health of each party.
>
> (8) The home, school, and community history of the child.
>
> (9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
>
> (10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.
>
> (11) The distance between the respective residences of the parties.
>
> (12) The responsibility for the care and rearing of the child previously exercised by each party.

A trial court's determination as to child custody matters is to be afforded great weight on review. *AEB v. JBE*, 99-2668 (La. 11/30/99), 752 So.2d 756. The trial court's

determination in this regard will not be disturbed on review absent an abuse of discretion. *Id.*

Our review of the record and the trial court's reasoning reveals no abuse of discretion. The trial court addressed the factors listed in La.Civ.Code art. 134, extensively reviewing the evidence presented by the parties, ultimately concluding:

> When the court looks at all the evidence as a whole it appears that at this point in time, and, in the past, there is some question as to whether or not Ms. Johnson actually has a stable home environment where she stays all the time and that she can keep her child there with her. She has testified that she stays with her grandmaw [sic], and, there are other people that say she stays with the grandmaw, but, then there is a lot of other evidence that says she stays elsewhere too, and, she doesn't ever stay in a single place that long, and, that the child has been picked up at other people's houses, and, when you weigh all the testimony, and, you look at it from that standpoint, and, you look at the knowledge these other people have about having affairs, and, about drinking, and, about not knowing where she lived all the time, and you look at Mr. Powell's testimony about he has picked the child up at several different places, then, the court has to really start considering a stable, adequate environment, and, is there one - - is there one being provided at this time that would leave the court comfortable with leaving domiciliary status with the mother. Perhaps, grandmaw - - this grandmaw, if she had been here to testify she could have enlightened us more about this, but, she is not here to testify for whatever reason. The court feels uncomfortable, at best, without her testimony as to really where this child really stays most of the time, so, given that, and, this is a difficult decision, these are never easy, never easy, the court considers, for now, that the best interest of the child would be served in this fashion; That joint custody is awarded between the parties. The court is going to name Mr. Powell as domiciliary custodian of the child, and, order that Ms. Johnson have visitation, liberal visitation, as liberal as it can get, and, I'll specify it in this respect . . . ."

The trial court continued, setting forth a visitation schedule.

Our review of the record reveals support for the above determination. In short, the plaintiff testified as to his history with the defendant and his difficulty in locating the minor child when he attempted to spend time with her. He testified that, at times, he found the child in the care of others and that he was unsure where the defendant and child resided. Furthermore, he testified as to his employment, explaining that he

4

owned a three-bedroom home, adequate for the child's care. He also presented testimony from his family members who testified as to their willingness to assist him in caring for the child while he was working or unable to do so himself. The defendant presented her own testimony, wherein she explained that she is now employed and that she lives with her grandmother. She denied that she regularly left the child with others for care. The defendant's cousin testified similarly.

The trial court considered the totality of the evidence, as is evidenced by the detailed and lengthy reasons for ruling rendered in this matter, before making the credibility determinations necessary for the ruling. As these credibility determinations are reasonable, and the ultimate custody determination does not demonstrate an abuse of discretion, we find no merit in this assignment.

*Motion for New Trial*

In her next assignment of error, the defendant contends that the trial court erred in failing to grant a new trial. She contends that a new trial was necessary as she arrived at the hearing without preparation to defend the custody issue. The defendant asserts that she felt the hearing was to be limited to the question of paternity and that, if she had known that the custody issue was to be resolved, she would have arranged for witnesses on her behalf. She contends that a new trial was required due to this lack of notice.

The Louisiana Code of Civil Procedure offers the following with regard to the granting of a new trial:

> **Art. 1971. Granting of a new trial**
> A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.

**Art. 1972.   Peremptory grounds**

A new trial shall be granted, upon contradictory motion of any party, in the following cases:

(1)   When the verdict or judgment appears clearly contrary to the law and the evidence.

(2)   When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.

(3)   When the jury was bribed or has behaved improperly so that impartial justice has not been done.

A trial court's ruling on a motion for new trial is subject to the manifest error standard of review. *Campbell v. Tork*, 03-1341 (La. 2/20/04), _ So.2d _.

Contrary to the defendant's assertion, the record supports a finding that she was provided with notice as to the matters to be litigated.  The petition instituting this matter stated:

6.

Petitioner would show that in the event he is ruled to be the biological father that he should be awarded the sole care, custody and control of the minor child subject to reasonable visitation in favor of defendant.

7.

Petitioner would further show that the defendant's lifestyle is unstable and therefore feels it is in the best interest of the minor child that petitioner be granted the sole care, custody, and control of the minor child that petitioner be granted the sole care, custody, and control of the minor child subject to reasonable visitation in favor of defendant.

8.

Petitioner would further show that defendant has never been the primary caregiver of the minor child and further, that the minor child has not been adequately provided for by defendant in the past.

Petitioner requests that a rule nisi issued herein directed unto the defendant ordering her to show cause on a date and time to be fixed by this Honorable Court why petitioner, JUDAH D. POWELL, should not be granted the sole care, custody and control of the minor child subject to reasonable visitation in favor of defendant.

. . . .

Petitioner further prays that in the event he is determined to be the biological father of the minor child that he be awarded the sole care, custody and control of the minor child subject to reasonable visitation in favor of defendant.

6

In the trial court's order for the defendant to appear on November 3, 2003, it indicates that the defendant must show cause not only as to the paternity issue, but also:

> In the event [the plaintiff] is determined to be the biological father of the minor child that he be awarded the sole care, custody and control of the minor child subject to reasonable visitation in favor of defendant.

In the defendant's answer to the petition, she denied the contents of the above petition excerpt, stating, in part:

6. I do not agree with all[e]gation number six, he should not be awarded the sole care, custody and control of the minor child.

7. I deny all[e]gation number seven. My lifestyle is not unstable. However I do feel that Judah D. Powell's lifestyle is unstable and I should be awarded sole custody of the minor child.

8. I deny all[e]gation number eight. I have always been the primary caregiver of the minor child and she has always been adequately provided for. I the defendant prays [sic] in the event I be awarded the sole care, custody and control of the minor child.

Finally, when the defendant appeared in proper person at the hearing, the trial court apprized her of the nature of the proceedings. The following colloquy is contained in the record:

BY THE COURT:
     Okay. Mr. Fontenot (counsel for the plaintiff), this comes before the court actually on just a rule to establish whether or not the defendant, Ms. Johnson, and her child be ordered to submit to blood testing.

BY MR. FONTENOT:
     That was before she filed an answer, Your Honor, and, in Paragraph Number Three admitted that he is the father of the child which is a judicial admission, Your Honor. We also asked for sole custody in that same Rule, Your Honor.

BY THE COURT:
     Which one? Which Paragraph?

BY MR. FONTENOT:
     She filed an answer, I don't know if she filed it in the record or not, I've got a copy of it, Paragraph Number Three, I admit as the result of this relationship a minor child was born, Jenea Powell, on August 27,

7

2001. So, I'm assuming that's a judicial admission which along with my client's testimony would be sufficient to establish filiation, Your Honor.

BY THE COURT:
Yeah, I see that. Okay. Well, let's make sure Ms. Johnson knows what is going on here today before we start. Do you understand what counsel said, Ms. Johnson?

BY MS. JOHNSON:
I admitted that he was the father.

BY THE COURT:
Okay. Now, Ms. Johnson, this hearing today goes a step further now, it's for the sole care, custody, and, control of the child, and, visitation. Do you understand that?

BY MS. JOHNSON:
Yes sir.

BY THE COURT:
Are you ready to proceed?

BY MS. JOHNSON:
Yes sir.

BY THE COURT:
Okay.

Given the record's clear indication that the defendant was aware of the proceedings at the time of the November 2003 hearing, we find no abuse of discretion in the trial court's denial of the motion for new trial.

This assignment lacks merit.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are assigned to the defendant, Carrie Johnson.

**AFFIRMED.**

8